3d May, 1811.
Nott, J.,
delivered the opinion of the court. The discount was admissible. The plaintiff was not surprised by the defence, set up on the trial. He does not pretend he was. If he had been, it would be a good ground for a new trial, unless it should appear that he might have been prepared to rebut the de-fence, if he could, and failed, from neglect, to do so. Busby is to be considered as the agent of the plaintiff in making the title ; and the plaintiff was bound for the sufficiency of that title. This sort of defence has often been set up in our courts, and allowed to prevail, where founded in justice and equity, upon the principles of the *474 civil law ; where there is a total failure of the consideration, or a considerable failure, from some material defect in the thing which *s subjec!; °f a contract; either as to the title, quantity, or quality. The injured party, in such a contract, although no injury has been intended, is not obliged to wait until he is evicted before he will be entitled to redress; but he may seek his remedy immediately by action, or insist on it by way of discount, if he has an opportunity, A contrary doctrine would involve the most mischievous consequences. Neither is he bound to seek relief in an action of covenant, although he should be entitled to immediate relief, on a warranty in the title, that the grantor had a good title; but may claim a discount, in lieu of damages for a breach of warranty.
It was not objected in the District Court, that the plea was not a notice relative to the deficiency of title, but only for non-performance of the condition of the bond. That objection was not taken there, and cannot be noticed here. The plaintiff was not surprised by the evidence ; and it appears that justice has been correctly done by the verdict, and it ought not therefore to be disturbed. See the case of Sumter v. Welsh, 1 vol. 539.